```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| AMBREEN AHMAD, | CIVIL ACTION NO. 07-3711 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| UNITED STUDENT AIDS FUNDS INC., et al., |  |
| Defendants. |  |

**THE PLAINTIFF**, who is pro se, applying for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application") (dkt. entry no. 1, App.); and the Court addressing the Application before reviewing the complaint, see Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990); and

**THE PLAINTIFF** — in response to the query requiring an applicant to (1) list all dependents, (2) state the relationship to each, and (3) indicate the amount contributed to support — stating, "5 — full support" (App.); and it appearing that this statement is not complete; and

**THE PLAINTIFF** — in response to the query requiring an applicant to describe any real estate, bonds, securities, financial instruments, or automobiles owned — stating, "$400,000" (App.); and the Court confirming, through independent research, that the plaintiff owns a home, and assuming that the "$400,000" is the value of the home; and thus it appearing that this statement is not complete as to other items of value that the

plaintiff may own; and the plaintiff asserting further that she earns $2,400 biweekly from her employer, "JSUMC", which the Court has determined is the Jersey Shore University Medical Center; and

**IT APPEARING** that "a plaintiff need not be absolutely destitute or contribute to payment of costs, the last dollar they have or can get to enjoy the benefit of IFP status", In re Mock, 252 Fed.Appx. 522, 523 (3d Cir. 2007) (cite and quotes omitted); but the Court, in view of the plaintiff's income and the apparent value of the plaintiff's home, intending to deny the Application; but the Court doing so without prejudice to the plaintiff to either pay the filing fee, or submit a renewed Application providing more proof of financial need, as it is the plaintiff's burden to "provide the [Court] with the financial information it need[s] to make a determination as to whether [s]he qualifie[s] for in forma pauperis status", Thompson v. Pisano, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006); and the plaintiff is advised to state whether any other member of the household receives income from any source, and the amount thereof; and

**THE HANDWRITTEN COMPLAINT** alleging the following against the defendants, which are listed as "United Student Aids Funds Inc." and "GRC":

> No prior notice of wage garnishment, which led to extreme harshship to the plaintiff and her family.
>
> Cause of Action —
> The Defendant GRC did not informed me about the garnishment, and when I appealed for a face to face

> hearing in NY, I was denied and told a face to face hearing can only take place in India. And then . . . a judgment was passed against me in my absence in NJ. I have all the documents. GRC is garnishing $1100-1200 per month from my paycheck.
>
> This is causing extreme hardship to my family and myself. I am 3 months behind in my mortage payments. Electricity cut off notice, water shut off notice and lot of other unpaid bills.
>
> Please help me. Thanks.
>
> <u>Demand</u>
> Sir, I am not denying the student loan, but the amount mentioned by GRC is . . . high. And also if I can have a payment plan. Please help me

(dkt. entry no. 1, Compl. (as stated in original)); and it appearing that the plaintiff seeks relief concerning an amount owed on a student loan; but the complaint being bereft of any basis for the Court's jurisdiction, <u>see, e.g.</u>, 28 U.S.C. §§ 1331, 1332, <u>see also</u> <u>Fran. Tax Bd. v. Constr. Lab. Vac. Tr.</u>, 463 U.S. 1, 9-12 (1983); and it appearing that the plaintiff, even though attempting to file a complaint <u>pro se</u>, must comply with minimum pleading standards, <u>see</u> Fed.R.Civ.P. 8-10; and the complaint failing to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests", <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957); and

**THE COURT** being further concerned that a judgment was entered against the plaintiff in a state court; and it appearing that a litigant — under the <u>Rooker</u>-<u>Feldman</u> doctrine — is barred from seeking relief from a state court judgment in federal court,

and must proceed through the state courts, e.g., move to set aside or vacate the judgment before the state court entering the judgment, or appeal from the judgment to a state appellate court, D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983), Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923); and

**THE COURT** intending to direct the Clerk of the Court to not file the complaint, as it fails to state a claim on which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B); but the Court also intending to grant the plaintiff leave to either (1) bring her claims in state court insofar as they (a) concern relief from a state court judgment, or (b) may be construed to be under state law, see 28 U.S.C. §§ 1367(c)(3),(d), see also Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move to reopen the action in this Court and annex as an exhibit an amended complaint asserting a basis for the Court's jurisdiction and correcting all other shortcomings; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

**Dated:** May 29, 2008